UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| **JUDITH LUBBERS, individually and as Executrix** for the Estate of William Lubbers<br>865 Woodbury Drive<br>Villa Hills, Kentucky 41017<br><br>**PLAINTIFF**<br><br>v.<br><br>**JOHN R. JURGENSEN, CO.**<br>11641 Mosteller Road<br>Cincinnati, Ohio 45241<br><br>    Serve: CT Corporation System<br>           306 West Main Street<br>           Suite 512<br>           Frankfort, Kentucky 40601<br><br>**DEFENDANT** | COMPLAINT<br><br>CASE NO._____<br><br>JUDGE_____ |

## COMPLAINT WITH JURY DEMAND

Comes now the Plaintiff, Judith Lubbers, individually and as Executrix for the Estate of William Lubbers and for her Complaint against the Defendant, John R. Jurgensen Co., states as follows:

1. Plaintiff, Judith Lubbers, individually and as Executrix for the Estate of William Lubbers is a resident in Kenton County, Kentucky residing at 865 Woodbury Drive, Villa Hills, Kentucky 41017. Please see attached Order Probating Will and Appointing Judith Lubbers Executrix entered by the Judge on August 10, 2020.

2. Defendant, John R. Jurgensen Co. ("Jurgensen"), is an Ohio corporation authorized to transact business within the Commonwealth of Kentucky with its principal place of business at

1

11641 Mosteller Road, Cincinnati, Ohio 45241.

### I. JURISDICTION AND VENUE

3. This court has jurisdiction over the dispute between the parties pursuant to 28 USC § 1332 (a)(1), based upon diversity of citizenship, and the amount in controversy is in excess of $75,000.00.

4. This court also has supplemental jurisdiction to hear Judith's related state law causes of action pursuant to 28 USC § 1367.

5. Venue is appropriate in this court pursuant to 28 USC § 1391 (b)(1) and (2) because Defendant, Jurgenson, is authorized and does conduct business within the Commonwealth of Kentucky, a substantial part of the events giving rise to the claim occurred in Kentucky, and a substantial part of the property that is the subject of the action is situated in Kentucky.

### II. FACTS

6. Plaintiff incorporates by reference paragraphs 1 through 5 as if fully set forth herein.

7. On or about August 13, 2019, William Lubbers ("William") and Judith Lubbers ("Judith") left their then residence at 3 Barbara Circle, Fort Wright, Kentucky 41011 with their bicycles in/on their vehicle and drove to the area around Reser Bicycle Outfitters on Monmouth Street in Newport, Kentucky where William and Judith would meet other riders.

8. Once William and Judith arrived around the area of Reser Bicycle Outfitters on Monmouth Street in Newport, Kentucky, William and Judith parked their vehicle, removed their bicycles from the vehicle, and prepared their bicycles for the ride.

9. William and Judith met other riders at the area around Reser Bicycle Outfitters.

10. These other riders were also Kentucky residents.

11. Once all the riders that were cycling for this day were ready, the group disembarked from the Reser Bicycle Outfitters area on Monmouth Street in Newport, Kentucky and cycled north towards the Ohio River where they crossed the river on the Purple People Bridge in to Cincinnati.

12. Once in Cincinnati, the group cycled along Riverside Drive.

13. When the group had turned around and was heading back to Newport, the cycling group encountered raised concrete pads where road construction had been occurring on Riverside Drive.

14. Unfortunately, the road construction process had left a significant vertical edge from the temporary blacktop/asphalt to the raised concrete pad, which William struck on his bicycle and fell. William fell from his bicycle striking his head on the pavement.

15. Cincinnati Fire Department medics transported William to University Hospital with potential life-threatening injuries.

16. William remained at University Hospital in critical condition.

17. William had bleeding to the brain and remained in ICU for a significant period of time.

18. Unfortunately, after weeks and months of combined hospital stays and rehabilitation visits, William ultimately succumbed to his injuries approximately ten (10) months after the incident of August 13, 2019 and ultimately passed away on June 9, 2020.

## COUNT I

### Negligence

19. Plaintiff incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20. That Jurgensen negligently failed to place an asphalt wedge on the vertical face along the edge of the concrete bus pad that ran along the lane line for the two (2) westbound lanes.

21. That Jurgensen negligently failed to warn road users of the hazard created in the construction process, which was the uneven lane at the concrete bus pad.

22. As a direct, proximate and substantial result of Jurgensen's negligence, William sustained fatal injuries, incurred medical expenses in an amount to be proven at trial, suffered impairment of his future earning capacity and wages, suffered great pain of body and mind, and his injuries were permanent in nature. Furthermore, the Estate shall recover for both the wrongful death of William and for the personal injuries from which William suffered prior to death, which includes a recovery for all elements of damages in both a wrongful death action and a personal injury action according to KRS 411.133.

23. That Jurgensen is vicariously liable for the negligent actions/inactions of its' agents, sub-contractors, subsidiary companies, and employees.

## COUNT II

### Loss of Consortium

24. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25. As a direct, proximate and substantial result of Jurgensen's negligence recited above, Judith lost the right to the services, assistance, aid, society, companionship and conjugal relationship between her and her husband, William.

26. Judith shall recover damages against Jurgensen for loss of consortium in accordance with KRS 411.145 resulting from the negligent and/or wrongful acts of Jurgensen.

## COUNT III

### Negligent Infliction of Emotional Distress (NIED)

27. Plaintiff incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28. As a direct, proximate and substantial result of Jurgensen's negligence recited above, Judith sustained serious and severe emotional injury.

**WHEREFORE,** Plaintiff, Judith individually and as Executrix for the Estate of William Lubbers, demands judgment against the Defendant, Jurgensen as follows:

1. For judgment against Defendant pursuant to this Complaint;

2. For compensatory damages such as proof at trial may show, which are in an amount well in excess of the minimum amount necessary to establish the jurisdiction of this court;

3. For a recovery for all elements of damages in both a wrongful death action and a personal injury action according to KRS 411.133;

4. For Judith to recover for loss of consortium according to KRS 411.145;

5. For trial by jury;

6. For her costs herein expended, including a reasonable attorneys fee; and,

7.      For any and all other relief, both legal and equitable, to which the Plaintiff may appear entitled.

Respectfully submitted,

/S/     JAMES W. MORGAN, JR.          (KBA #50114)
        ATTORNEY FOR PLAINTIFF
        421 MADISON AVENUE
        COVINGTON, KENTUCKY   41011
        (859) 491-9100